UNITED STATES OF AMERICA,

    v.                                  06-CR-

JON PURIZHANSKY,

           Defendant.       06 CR 378 S

## PLEA AGREEMENT

The defendant, JON PURIZHANSKY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 371 (Conspiracy to Obtain a Visa through False Statement), which carries a maximum possible sentence of a term of imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to **2** years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II. SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that two or more persons entered into the unlawful agreement

charged in the information, that the defendant knowingly and willfully became a member of the conspiracy, that one of the members of the conspiracy committed at least one of the overt acts charged in the indictment/information and that the overt act was committed to further some object of the conspiracy.

**FACTUAL BASIS**

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a. Between on or about October 1, 2001 and May 30, 2002, the defendant, JON PURIZHANSKY, agreed with Igor Finkelshtein, operator of Grant Vinokur, Inc., of 574 Sheridan Drive, Tonawanda, New York 14150, and others, to knowingly and unlawfully obtain, on behalf of Levon Avakov, an H-1b visa classification. As part of the unlawful agreement, the defendant caused to be filed with the United States Immigration and Naturalization Service, on or about November 13, 2001, a letter in support of an I-129, Petition for Nonimmigrant Worker, knowing that the information contained in the letter was false. Among the false representations, this letter advised that Levon Avakov would be employed as an Electronics Engineer at an annual salary of $45,000, that "Gary Finkelstein" is President of Grant Vinokur, and that the gross annual sales of Grant Vinokur are $520,000. In truth and in fact, Avakov would be employed as an Auto Mechanic and paid slightly more than $300 per week, "Gary Finkelstein" is actually Igor Finkelshtein, and the gross sales for Grant Vinokur are approximately $250,000.

b. As previously stated, the November 13, 2001 letter was sent to the Immigration and Naturalization Service, Vermont Service Center, 75 Lower Beldon Street, St. Albans, Vermont 05479. Subsequently, on the 24th day of April, 2002, the United States Immigration and Naturalization Service issued an H-1b visa to Levon Avakov based on the documents submitted on behalf of Avakov.

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2L2.1 applies to the offense of conviction and provides for a base offense level of 11.

### SPECIFIC OFFENSE CHARACTERISTICS

The Government and the defendant agree that the following specific offense characteristic does apply:

a. The three level decrease pursuant to Guidelines § 2L2.1(b)(1) (offense committed not for profit).

### ADJUSTED OFFENSE LEVEL

7. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 8.

## ACCEPTANCE OF RESPONSIBILITY

8. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

## CRIMINAL HISTORY CATEGORY

9. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of **6** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **0** to **6** months, a fine of **$500** to **$5,000**,

and a period of supervised release of **2** to **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

11. a. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any guideline departure pursuant to Chapter 5K of the Sentencing Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

b. Both parties, however, reserve the right to seek a non-Guidelines sentence and to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

### III. STATUTE OF LIMITATIONS

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or

otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to visa fraud which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV.  GOVERNMENT RIGHTS AND RESERVATIONS

13. At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

14. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

15. The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to visa fraud, committed up to the date of this agreement and about which the defendant has informed the government prior to signing this agreement. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or any act of physical violence against the person of another, or conspiracy to commit such an act of violence.

16. The defendant agrees to provide any financial records and information requested by the Probation Office and also agrees that such records or information provided by the defendant, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### Waiver of Right to Post Conviction
### DNA Testing of Physical Evidence

17. The defendant fully understands that, to the extent that the government has or may have any items of physical evidence in this case that could be subjected to DNA testing pursuant to 18 U.S.C. § 3600, the defendant has the right to file a motion with the Court to have such items tested for DNA in an attempt to prove that the defendant is actually innocent of the crime to which the guilty plea has been entered in this case. The defendant has discussed this right with defense counsel, and the defendant knowingly and voluntarily waives the right to make such a motion and to have such DNA testing performed on any such items the government may have or may obtain in the future. The defendant fully understands that because the defendant is waiving these rights, any physical evidence that may exist or be found to exist in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

### V. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code,

Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence.

19. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, JON PURIZHANSKY, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: *(signature)*
CHARLES B. WYDYSH
Assistant U.S. Attorney

Dated: OCTOBER 30, 2006

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Joel L. Daniels, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
JON BURIZHANSKY  
Defendant

Dated: __10/30__, 2006

_____  
JOEL L. DANIELS, ESQ.  
Attorney for the Defendant

Dated: __10/30__, 2006